**JTRE 242 Lafayette LLC v BSK Group USA Ltd.**

2024 NY Slip Op 33718(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 153747/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ALEXANDER M. TISCH                    PART                     18

*Justice*

--------------------------------------------------------------------X

JTRE 242 LAFAYETTE LLC,

                                 Plaintiff,

- v -

BSK GROUP USA LIMITED D/B/A MATT & NAT, VIA
VEGAN LTD.

                                 Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153747/2021 |
| MOTION DATE | 08/16/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to/for         VACATE - DECISION/ORDER/JUDGMENT/AWARD.

According to the complaint, plaintiff JTRE 242 Lafayette LLC leased the commercial unit at 242-244 Lafayette Street, Unit 1S (the Premises) to defendant BSK Group USA Limited d/b/a Matt & Nat (Tenant). Defendant Via Vegan Ltd., a Canadian company, executed a guaranty for the Tenant's obligations under the lease. Tenant stopped paying rent in April 2020, during the COVID-19 pandemic. Neither Tenant nor Via Vegan paid the plaintiff the outstanding rents or other amounts due under the lease agreement. Plaintiff brought this suit. Defendants failed to answer. In a Decision and Order dated March 31, 2022, this Court granted plaintiff's unopposed motion for default judgment against both defendants and directed the Clerk of the Court to enter judgment against them (NYSCEF Doc. No. 29).

In this motion, Via Vegan moves to vacate the default judgment and dismiss the complaint against it for lack of personal jurisdiction due to lack of proper service. As a Canadian entity, Via Vegan claims it should have been served pursuant to the Hague Convention, and the

**153747/2021 Motion No. 002**                                                    **Page 1 of 5**

[* 1]

Affidavit of Service (NYSCEF Doc. No. 3) does not evidence service in compliance with the requirements of the Hague Convention, such as translating the documents into French or compliance with the local laws regarding service in Quebéc. Nor, according to Via Vegan, was service adequate pursuant to the CPLR, as the documents were delivered to Ms. Mastrangelo in its office, who is not in one of the categories of authorized recipients enumerated in CPLR 311(a)(1).

Plaintiff contends the guaranty signed by Via Vegan included a consent to the jurisdiction of this Court and argues Via Vegan was well aware of this litigation long before filing this motion, as plaintiff mailed courtesy copies to its corporate offices and to its attorneys, and as Via Vegan engaged in settlement discussions about satisfying the judgment in this case in September 2022, almost a full year before filing its motion to vacate. Plaintiff also explains it served Via Vegan at its corporate offices in Montreal (see Affidavits of Service, Exhibit B to Affidavit of David Ettedgui, NYSCEF Doc. No. 47). Plaintiff argues the consent to jurisdiction abrogates Via Vegan's objections to service and jurisdiction. Plaintiff relies on *Alfred E. Mann Living Tr. v ETIRC Aviation S.a.r.l.*, (78 AD3d 137 [1st Dept 2010]) for the premise that a contractual waiver of objections to jurisdiction and for service of process are binding. The *Alfred E. Mann Living Trust* court held that the requirements of the Hague Convention could be waived by contract. However, that court also noted those defendants explicitly waived their rights to personal service of process, not only objections to jurisdiction (*id.* at 138-39). The guaranty at issue here does not explicitly waive service.

It appears plaintiff attempted service on Via Vegan pursuant to the Hague Convention, Article 10(b), rather than Article 5. Article 10(b) allows "judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through

[* 2]

the judicial officers, officials or other competent persons of the State of destination." Service here was performed by a bailiff, which is an appropriate person (*Signify N. Am. Corp. v Axis Light. Inc.*, 19CV5516 (DLC), 2019 WL 4994288, at *2 [SDNY Oct. 8, 2019]. The documents were not translated into French, but that is not required for service pursuant to Article 10 (*id.*). Article 10 permits service "by leaving the document in the care of a person who appears to be in a position to give it to an officer or director or an agent of the legal person."

The affidavit of service describes Ms. Mastrangelo (her name was misspelled on the affidavit of service) as an "ADMINISTRATIVE ASSISTANT and an authorized agent" of Via Vegan. Via Vegan denies Mastrangelo was an agent or an administrative assistant, but does not deny she was in a position to hand the papers to an officer, director, or agent of the company. Via Vegan argues that the service was, nonetheless, ineffective and invalid, because Mastrangelo never actually provided the summons and complaint to any officer, director, or agent of Via Vegan. Via Vegan relies of the affirmation of Canadian attorney Michael Hollander (NYSCEF Doc. No. 40) for his opinion that service is ineffective if the recipient does not actually give the documents to an officer, director, or agent (*id.* at ¶¶ 10-11).

Hollander's affirmation relies on *Genest v Bedard*, 2019 QCCQ 2944, which was attached to movant's papers in reply (Exhibit 2 to Affirmation of Laura E. Longobardi, NYSCEF Doc. No. 60). Hollander's reliance is misplaced. The *Genest* case is distinguishable. There, the papers had been served by handing them to individuals who did not work for Facebook Canada, the target of the Request for Disclosure of Documents in that case. That court concluded that, while service of the claim on Facebook Canada was legal and valid, it was not shown to be effective beyond a reasonable doubt, the elevated standard for a contempt proceeding, and that,

**153747/2021 Motion No. 002**

**Page 3 of 5**

[* 3]

in fact, service had been attempted on the wrong entity, as the demand should have been served on Facebook Inc., not Facebook Canada.

Hollander also relies on *9277-3522 Quebec Inc. v GR Suspension Inc.* (2011 QCCQ 424), in which the recipient of service did not hand the documents to an officer, director, or agent of the entity and the documents were not subsequently located after a search. Hollander explains that, under these circumstances, the party who was served but never actually received the documents may have the judgment against it revoked. In *9277-3522 Quebec Inc.* (attached as Exhibit 1 to Longobardi Aff., NYSCEF Doc. No. 59), the Canadian court considered whether the movant had established sufficient cause to vacate the judgment against it, pursuant to Article 346 of the Canadian Code of Civil Procedure (CCP), which provides:

> "A party against which a default judgment has been rendered following failure to answer the summons, attend the case management conference or defend on the merits but that was prevented from doing so owing to fraud, surprise or any other cause considered sufficient may apply to the court that rendered the judgment for the revocation of the judgment and the dismissal of the original application.
>
> The application for revocation must contain the reasons justifying the revocation as well as the grounds of defence (*sic*) raised against the original application."

If the reasons for the movant's failure to answer are sufficient, the judgment is stayed and the case is restored (CCP Article 348). However, this is not a service requirement, or part of Article 10 of the Hague Convention. This article of the CCP grants a defendant the ability to seek relief from the consequences of its failure to answer a complaint against it, if it was prevented from answering. According to the Guaranty, the parties agreed that New York law will govern, so this article of the CCP does not apply to the instant dispute.

Additionally, if it did apply, CCP Article 347 notes that

153747/2021 Motion No. 002

[* 4]

"An application for revocation must be served on all parties to the proceeding within 30 days after the day on which the cause preventing the party from filing a defence (*sic*) ceased to exist, or after the day on which the party became aware of the judgment, evidence or fact that constitutes grounds for the revocation. . . .

The application for revocation . . . cannot be presented if more than six months have elapsed since the judgment.

These are strict time limits."

According to this Article of the CCP, Via Vegan would have had to make the instant motion within 30 days of finding out about the action against it. The money judgment in this action was filed on May 18, 2022 (NYSCEF Doc. No. 32), and the notice of entry was filed on May 20, 2022. This motion was filed over a year later. Plaintiff also points out that Via Vegan engaged in settlement discussions with plaintiff in September 2022, so defendant knew about the litigation at least in September 2022. Via Vegan does not specify when it knew about this action, only that it was after its time to respond to the complaint and more than a few months before making this motion in August of 2023. According to CCP Article 347, if it applied, Via Vegan had 30 days to make a motion after becoming aware of the judgment. It did not do so.

For the reasons discussed above, Via Vegan's motion to vacate the default judgment and to dismiss the complaint against it for lack of personal jurisdiction fails. The judgment stands and this case shall be marked disposed.

| 10/21/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ALEXANDER M. TISCH, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | ☐ | GRANTED | X DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |